**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Tomas BRITO–BETANCOURT,
Defendant—Appellant.**

No. 01–10547.
D.C. No. CR–00–00126–DWH.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 11, 2002.

Decided Dec. 11, 2002.

Before D.W. NELSON, BEEZER and WARDLAW, Circuit Judges.

## MEMORANDUM *

The defendant was convicted of possession with intent to distribute methamphetamine and interstate travel in aid of racketeering. Methamphetamine was found in a compartment welded to the wheel well of defendant's vehicle. The defendant contends that the initial stop of his vehicle was improper.

■ We disagree. Brito–Betancourt was driving at 1:45 in the morning, at a time when motorists are often fatigued. His driving pattern indicated signs of fatigue or impairment. Brito–Betancourt drifted over the fog lane by a foot and a half on two different occasions. On the first occasion, he traveled for approximately seventy-five yards before returning to his travel lane. On the second occasion, he crossed over the fog lane for approximately fifty yards. In a third incident, Brito–Betancourt began to exit the highway before swerving back over the solid white exit lines to return to the highway. These indicators were sufficient to raise reasonable suspicion of fatigue or impairment and to initiate a stop.

The defendant further contends that the district court erred in finding that the consent to search his vehicle was voluntary. A district court's determination of whether consent to search is voluntary is reviewed under a clear error standard. *United States v. Todhunter,* 297 F.3d 886,

891 (9th Cir.2002). The defendant asserts that the timing of the consent, the lack of a defined object of the search and the misuse of the Spanish word "herramientas" for "tools," render his consent involuntary. After reviewing the record, we find that the district court properly denied Brito–Betancourt's suppression motion.

■ The timing of the consent did not render the consent involuntary. Based on the defendant's inconsistent and suspicious answers to the officer's initial questions, the officer had reasonable suspicion to prolong the detention and to ask additional questions.[1] Following the additional questioning, the officer told the defendant that he was going to issue a warning for the traffic violations and that the defendant was free to leave. The officer then asked the defendant if he would answer more questions, and the defendant said "sure." After asking a few more questions, the officer asked for consent to search the vehicle and obtained both oral and written consent from the defendant.

The fact that consent to search was sought following a prolonged stop does not render it involuntary. Although courts have raised concerns with the timing of consent when police officers begin to search prior to asking for consent, *see Holloway v. Wolff,* 482 F.2d 110, 115 (8th Cir.1973), similar concerns are not raised by having the request for consent follow the end of a stop.

The scope and object of the search were defined. The officers asked the defendant

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. The particularized objective factors supporting the prolonged detention that exist here make this case distinguishable from *United States v. Chavez–Valenzuela,* 268 F.3d 719 (9th Cir.2001), as amended by 279 F.3d 1062 (9th Cir.2002), where nervousness alone was an insufficient basis to prolong a stop.

to sign the consent to search form immediately after asking specific questions about whether there were drugs, weapons or currency in the vehicle. The written consent form explicitly included the search of containers on the interior and exterior of the vehicle and their access through the use of tools.[2] Given the context, the scope of the search was for drugs, weapons and currency and included access to containers through the use of tools. The district court did not clearly err in finding the consent to search was voluntary. The judgment of the district court is AFFIRMED.

2. The defendant's objection that the Spanish term "herramientas" does not properly translate into "tools" is unavailing. *See* Anthony Gooch & Angel García de Paredes, Cassell's Spanish–English, English–Spanish Dictionary 350 (Macmillan Publishing Co.1987) (defining "herramienta" as "tool").